21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe Gregoria MOLINA; aka: Gregoria Molina; aka:
Georgia Molina; aka: Georgina Molina; aka:
Gregoria M. Figueroa, Defendant-Appellant.
 No. 92-50765.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guadalupe Gregoria Molina appeals her conviction for concealment of illegally imported narcotics, illegal sale of narcotics, and illegal transfer of narcotics, in violation of 21 U.S.C. Sec. 174 and 26 U.S.C. Sec. 4705(a). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 In December 1969, following a bench trial, Molina was convicted of the three offenses listed above. Molina remained free on bond pending sentencing. After the district court denied Molina's motion for a new trial, sentencing was scheduled for February 3, 1970. Molina failed to appear for sentencing; the district court therefore issued a bench warrant authorizing her arrest. On September 13, 1992, Molina was arrested pursuant to the bench warrant. On December 17, 1992, the district court sentenced her to the statutory minimum five-year term of imprisonment. This appeal followed.
 
 
 4
 Molina argues that she has been deprived of due process because the court reporter's notes of her 1969 trial have been destroyed, and she therefore was unable to obtain trial transcripts for use in this appeal. We reject this argument.
 
 
 5
 "A criminal defendant has a right to a record on appeal [that] includes a complete transcript of the proceedings at trial." United States v. Carrillo, 902 F.2d 1405, 1409 (9th Cir.) (citing Hardy v. United States, 375 U.S. 277, 279-82 (1964)), cert. denied, 498 U.S. 963 (1990). Nevertheless, the absence of a transcript does not require a per se rule of reversal; instead, the defendant must demonstrate prejudice. Id. Moreover, a court reporter's notes need only be "preserve[d] ... in the public records of the court for not less than ten years." 28 U.S.C. Sec. 753(b).
 
 
 6
 Here, because she was a fugitive, Molina did not request the transcripts of her 1969 trial until 1993. Indeed, in her brief, Molina concedes that both "the length of the delay and the reason for the delay, which in turn led to the destruction of the notes, is her responsibility." She acknowledges, moreover, that destruction of the court reporter's notes of her trial did not violate 28 U.S.C. Sec. 753(b). Nor has she made an adequate showing of prejudice. Given these circumstances, we conclude that the destruction of the court reporter's notes did not violate her right to due process. See Carrillo, 902 F.2d at 1409; cf. United States v. Tucker, 8 F.3d 673, 676 (9th Cir.1993) (en banc) (rejecting claim that three-year delay in obtaining trial transcripts violated defendant's right to due process and noting that, in evaluating such claims, courts must consider the reason for the delay, the defendant's assertion of her right to appeal, and the prejudice to the defendant).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3